# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MICHAEL TOWLER,

      Petitioner,

v.                                  No. CV 13-1235 MCA/LAM

JONI BROWN, et al.,

      Respondents.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR AN EXTENSION OF TIME TO ANSWER

**THIS MATTER** is before the Court on *Respondents' Motion for an Extension of Time to File an Answer or Status Report and to Allow Petitioner to Exhaust State Court Remedies (Doc. 7)*, filed February 14, 2014.  Having considered the motion, record of the case, and relevant law, the Court **FINDS** that the motion should be **GRANTED in part** and **DENIED without prejudice in part**.

On January 21, 2014, the Court entered an order for Respondents to answer Petitioner's Section 2254 petition within thirty (30) days.  [*Doc. 5*].  In that order, Respondents were instructed to advise the Court "whether the Petitioner has exhausted his state court remedies as to the issues raised in the federal application," and to attach "copies of any pleading pertinent to the issue of exhaustion which was filed by Petitioner in the sentencing court, the state district court, the state court of appeals and the state supreme court, together with copies of all memoranda filed by <u>both</u> parties in support of or in response to those pleadings," as well as "copies of all state court findings and conclusions, docketing statements, and opinions issued in Petitioner's state court post-conviction or appellate proceedings."  *Id.* at 1-2.  In addition, in the event

Respondents deny that Petitioner has exhausted his available state remedies, Respondents were instructed to "identify the State procedures currently available to Petitioner given the nature of his claims and their procedural history." *Id.* at 2.

Instead of filing an answer, Respondents filed a motion for extension of time, in which they state that, because Petitioner's second state habeas petition is still pending in state district court, Petitioner has not exhausted his available state court remedies.  [*Doc. 7* at 4] (attaching a copy of the state district court's judgment and order partially suspending sentence and the state district court's docket sheet, *Doc. 7-1*).  Respondents state that "either a dismissal of the petition or holding the petition in abeyance pending the outcome of the state court proceedings is an available and appropriate remedy." *Id.* at 4.  Respondents ask the Court to hold this matter in abeyance for ninety (90) days to allow Petitioner to exhaust all available state court remedies, and, at the end of the ninety-day extension, "Respondents will submit an answer, status report or motion to dismiss advising this Court about the status of the state proceedings." *Id.* at 5.  Noting Petitioner's *pro se* status, Respondents did not seek Petitioner's position on the motion.  *Id.*

A state prisoner must generally exhaust available state court remedies before a federal court can consider the prisoner's habeas petition under 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2254(b)(1)(A); *see also Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) ("The [exhaustion] doctrine reflects the policies of comity and federalism between the state and federal governments, a recognition that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (citation and internal quotation marks omitted).  In order to determine whether Petitioner has exhausted his available state court remedies, the Court must consider whether any or all of the claims raised in Petitioner's Section 2254 petition have been

appropriately exhausted through the highest state court.  Without setting forth Petitioner's federal habeas claims or the claims raised in his state habeas petitions,[1] Respondents state that they have determined that Petitioner has not exhausted his available state court remedies.  *See* [*Doc. 7* at 4].  That is not a determination that Respondents can unilaterally make, and, instead, should be presented in a dispositive motion to which Petitioner can respond.  At that time, the Court could determine whether this case should be held in abeyance.  *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (explaining that, in limited circumstances, a federal court may stay a petition that contains exhausted and unexhausted claims and hold it in abeyance pending exhaustion of state court remedies, and that stay and abeyance is appropriate only if the petitioner demonstrates good cause for the failure to exhaust first in state court, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).  It is not appropriate to ask the Court to hold a case in abeyance within a motion that is titled as a motion for extension of time to file an answer, and which could be especially confusing to a *pro se* party.  The Court, therefore, will deny without prejudice Respondents' motion to hold the Petition in abeyance pending the outcome of the state court proceedings.  The Court will grant Respondents' motion for an extension of time to file an Answer and will allow Respondents an additional twenty (20) days from entry of this Order to answer the petition.  Respondents are instructed to include in their answer the information as set forth in *Document 5*.

---

[1] All that Respondents state is that "Petitioner Towler filed his first petition for writ of habeas corpus on August 1, 2013, raising four issues," and "[o]n August 9, 2013, Mr. towler filed a motion to clarify Rule 5-802 habeas corpus, as well as a separate and second petition for writ of habeas corpus[, and a] review of the first and second habeas corpus petitions reveals both are similar in content."  [*Doc. 7* at 3].  Without identifying the issues, the Court has no way of knowing if they are identical in each habeas petition.  The fact that they "are similar in content" may not be sufficient in the context of the exhaustion doctrine, which is why the Court ordered Respondents to provide this information to the Court in Respondents' answer.

In addition, the Court notes that Respondents' motion contains an attachment which includes Petitioner's Social Security number and other personal information which, while Respondents appear to have attempted to mark out the information, is still visible.   The document was not filed under seal, which is in violation of the Court's privacy policy.  *See* Notice of Electronic Availability of Case File Information, found at the Court's external website http://www.nmcourt.fed.us/web/DCDOCS/dcindex.html (click on "Privacy Policy" and then "Amended Privacy Policy and Public Access to Electronic Files for the U.S. District Court"). Pursuant to that policy, "[i]f sensitive information must be included [in documents filed with the court], certain personal data identifiers must be partially redacted from the pleading," and "[if] an individual's Social Security number must be included in a document, only the last four digits of that number should be used."  If a party wishes to file a document containing personal data identifiers, the document must be filed under seal.  *Id.*  The Court, therefore, orders Respondents to immediately contact the clerk's office to change the access level of this document so that it is not accessible by the public.  Respondents are cautioned to follow the Court's privacy policy in the future.

**IT IS THEREFORE ORDERED** that ***Respondents' Motion for an Extension of Time to File an Answer or Status Report and to Allow Petitioner to Exhaust State Court Remedies (Doc. 7)*** is **GRANTED in part** and **DENIED without prejudice in part** as set forth above. Respondents shall file an answer to the petition **within twenty (20) days from entry of this Order**.

**IT IS FURTHER ORDERED** that Respondents immediately contact the clerk's office to change the access level of the attachment to *Document 7* so that it is not accessible by the public.

**IT IS SO ORDERED.**

**LOURDES A. MARTINEZ**
**UNITED STATES MAGISTRATE JUDGE**