IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL TOWLER,

        Petitioner,

v.                                      No. CV 13-1235 MCA/LAM

JONI BROWN, et al.,

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Petitioner's 28 U.S.C. § 2254 Petition [*Doc. 1*], filed December 26, 2013. Respondents filed their answer to the petition on March 11, 2014. [*Doc. 9*]. Chief United States District Judge M. Christina Armijo referred the claims raised in the petition to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 3*]. Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that Petitioner's *Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1)* be **DISMISSED without prejudice**.

---

[1]**Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

Petitioner raises the following claims in his petition: (1) that his trial counsel was ineffective for (a) failing to conduct a proper investigation, (b) failing to investigate potential defenses, (c) failing to submit witness testimony, and (d) failing to preserve issues; (2) that his conviction was obtained in violation of the *Brady* rule and in violation of the 6th Amendment regarding a defendant's right to confront witnesses; (3) that his conviction was obtained in violation of the *Brady* rule and in violation of the 14th Amendment regarding procedural due process and chain of custody for evidence; and (4) that the prosecution was allowed to introduce information regarding a prior felony in violation of the 14th Amendment right to fundamental fairness.   Petitioner asks the Court to either remand his case to the state court for further proceedings, or to vacate, set aside or correct his sentence.   *Id.* at 14.

Because the issues in this case can be resolved on the record before the Court, the Court **FINDS** that an evidentiary hearing is unnecessary.   *See Anderson v. Attorney General of Kansas*, 425 F.3d 853, 858-59 (10th Cir. 2005) (evidentiary hearing unnecessary if § 2254 habeas claim can be resolved on the record).

## I. Procedural Background

On August 14, 2012, Petitioner was found guilty of one count of Larceny (over $500), in violation of N.M.S.A. 1978 § 30-16-1, a fourth degree felony.   [*Doc. 9-1*, Exhibit A at 1] (*Judgment and Order Partially Suspending Sentence* entered in the state district court).   On September 19, 2012, Petitioner was found to be a habitual offender with prior felony convictions, which enhanced his eighteen (18) month sentence by an additional four (4) years.   *Id.* at 1-2.   He was sentenced to a total term of imprisonment of four (4) years and one (1) day, with the remainder of his sentence (one (1) year, five (5) months and twenty-nine (29) days) suspended.   *Id.*   Upon completion of imprisonment, Petitioner will be placed on supervised parole for a period of one

year and on probation for a period of one (1) year, five (5) months, and twenty-nine (29) days, with these terms to run concurrently.   *Id.* at 2-3.

On October 18, 2012, Petitioner appealed his conviction to the New Mexico Court of Appeals, contending that there was insufficient evidence to convict him.   [*Doc. 9-1*, Exhibits C (*Notice of Appeal*) and D (*Docketing Statement*)].   On January 11, 2013, the New Mexico Court of Appeals issued a *Notice [of] Proposed Summary Disposition*, proposing affirmance of Defendant's conviction.   [*Doc. 9-1*, Exhibit E].   Defendant filed a *Memorandum in Opposition to Proposed Summary Affirmance* (*Doc. 9-1*, Exhibit F), and, on March 11, 2013, the New Mexico Court of Appeals issued a *Memorandum Opinion* affirming Defendant's conviction (*Doc. 9-1*, Exhibit G).   On March 18, 2013, Petitioner filed a *Petition for Writ of Certiorari* with the New Mexico Supreme Court regarding the New Mexico Court of Appeals' opinion.   [*Doc. 9-1*, Exhibit H].   On April 19, 2013, the New Mexico Supreme Court denied the petition.   [*Doc. 9-1*, Exhibit I].

On June 19, 2013,2 Petitioner filed a *pro se Petition for Writ of Habeas Corpus* with the state district court (*Doc. 9-1*, Exhibit K, at 49-63), and the state district court denied the petition on August 1, 2013 (*Doc. 9-1*, Exhibit L).   On August 9, 2013, Petitioner filed a second *pro se Petition for Writ of Habeas Corpus* with the state district court.   [*Doc. 9-2*, Exhibit N].   On October 18, 2013, Petitioner filed a *pro se Petition for Writ of Certiorari* with the New Mexico Supreme Court (*Doc. 9-2*, Exhibit P), which was denied by the New Mexico Supreme Court on November 20, 2013 (*Doc. 9-2*, Exhibit Q).   On November 15, 2013, Petitioner filed a *Motion for Reconsideration of Sentence* with the state district court.   [*Doc. 9-2*, Exhibit R].   On

---

2 The Court notes that Petitioner signed his petition for writ of habeas corpus on June 19, 2013 (*Doc. 9-1*, Exhibit K, at 63), but the filing date is August 1, 2013 (*id.* at 49).

December 26, 2013, Petitioner filed his petition for federal habeas relief in this Court, initiating

this proceeding.   [*Doc. 1*].

## II. *Petitioner's Section 2254 Claims*

Petitioner raises the following grounds for relief in his petition:

1.  His counsel was ineffective for:

    a.   failing to conduct a proper investigation;

    b.   failing to investigate potential defenses;

    c.   failing to submit witness testimony; and

    d.   failing to preserve issues (*Doc. 1* at 5);

2.   His conviction was obtained in violation of the *Brady* rule and in violation of the 6th Amendment regarding a defendant's right to confront witnesses (*id.* at 6);

3.   His conviction was obtained in violation of the *Brady* rule and in violation of the 14th Amendment regarding procedural due process and chain of custody for evidence (*id.* at 8);

4.   The prosecution was allowed to introduce information regarding a prior felony in violation of the 14th Amendment right to fundamental fairness (*id.* at 10).

In their response, Respondents contend that all of Petitioner's claims are procedurally

defaulted by his failure to exhaust them in the state courts, that harmless error analysis forecloses

relief, and that all grounds raised are without merit.   [*Doc. 9* at 2].   Respondents contend that

Petitioner's claims are procedurally defaulted because Petitioner failed to raise the claim that his

counsel was ineffective for failing to preserve issues, as well as his second, third and fourth claims,

in his Petition for Writ of Certiorari filed with the New Mexico Supreme Court (*Doc. 9-2*,

Exhibit P), so these claims have not been exhausted.   *Id.* at 10-13.   In the alternative,

Respondents contend that all of Petitioner's claims are procedurally defaulted because Petitioner's Petition for Writ of Certiorari with the New Mexico Supreme Court was untimely. *Id.* Respondents, therefore, ask the Court to deny and dismiss all of Petitioner's claims because they are procedurally defaulted. *Id.* at 14.

"Pro se pleadings are to be construed liberally." *Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010) (citation omitted). Despite liberal construction of a *pro se* litigant's pleadings, however, courts cannot "assume the role of advocate" for him. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted); *see also Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992) (citation omitted). Courts "are not required to fashion [a *pro se* party's] arguments for him where his allegations are merely conclusory . . . and without supporting fact[s]." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110 (citations omitted). Because Petitioner is a *pro se* litigant, the Court construes his allegations in his petition liberally.

### III. Exhaustion of State Court Remedies

A state prisoner must generally exhaust available state court remedies before a federal court can consider the prisoner's habeas petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(b)(1)(A); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). "The [exhaustion] doctrine reflects the policies of comity and federalism between the state and federal governments, a recognition that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (citation and internal quotation marks omitted). The exhaustion requirement is considered

satisfied "if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted).   In addition, the petitioner must "fairly present his or her claims to the state courts before a federal court will examine them," which means that the "substance of the claim" must have been raised before the state court either on appeal or in post-conviction proceedings.  *Demarest*, 130 F.3d at 932 (citation and internal quotation marks omitted).   While a petitioner may present "bits of evidence" to a federal court that were not presented to the state court, "evidence that places the claims in a significantly different legal posture must first be presented to the state courts."  *Id.* (citation and internal quotation marks omitted); *see also Jones v. Hess*, 681 F.2d 688, 694 (10th Cir. 1982) (explaining that a claim is not exhausted if it is "in a significantly different and stronger posture than it was when the state courts considered it") (citation omitted).

In cases where a petitioner raises both exhausted and unexhausted claims, the petition is considered mixed.  *Pliler v. Ford*, 542 U.S. 225, 227 (2004).   When a federal district court is presented with a mixed petition, it "may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits."  *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002) (footnote omitted).   In limited circumstances, a federal court may stay a mixed petition and hold it in abeyance pending exhaustion of state court remedies.  *Rhines v. Weber*, 544 U.S. 269, 276-77 (2005).   However, stay and abeyance is appropriate only if the petitioner demonstrates good cause for the failure to exhaust, the unexhausted claims are potentially meritorious and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  *Id.* at 277-78.

The Court finds that Petitioner has exhausted the following claims: (1) that his trial counsel was ineffective for (a) failing to conduct a proper investigation, (b) failing to investigate potential defenses, and (c) failing to submit witness testimony; and (2) that his conviction was obtained in violation of the Brady rule and in violation of the 6th Amendment regarding a defendant's right to confront witnesses.  These claims were fairly presented to the state courts both in Petitioner's *pro se* petition for writ of habeas corpus and in his petition for writ of certiorari.  *See* [*Doc. 9-1*, Exhibit K at 50] (Petitioner's petition for writ of habeas corpus) and [*Doc. 9-2*, Exhibit P at 21 and 23] (petition for writ of certiorari regarding petition for writ of habeas corpus).  While Respondents contend that Petitioner's petition for writ of certiorari was untimely because it was filed more than thirty days past the date of the state district court's denial of his petition for writ of habeas corpus (*see Doc. 9* at 10-13), the New Mexico Supreme Court did not reject Petitioner's petition for writ of certiorari and, instead, entered an order denying the claims raised in the petition for writ of certiorari (*see Doc. 9-2*, Exhibit Q, stating that the matter was considered by the New Mexico Supreme Court).  The Court, therefore, finds that these claims have been exhausted because they were presented to the highest state court.

The Court next considers whether Petitioner's remaining claims have been exhausted. These issues are: whether his counsel was ineffective for failing to preserve issues (Claim (1)(d)), whether his conviction was obtained in violation of the Brady rule and in violation of the 14th Amendment regarding procedural due process and chain of custody for evidence (Claim (3)), and whether the prosecution was allowed to introduce information regarding a prior felony in violation of the 14th Amendment (Claim (4)).   Petitioner raised these issues in his petition for writ of habeas corpus filed in the state district court; however, none of these issues were raised in his petition for writ of certiorari filed with the New Mexico Supreme Court.  *Compare* [*Doc. 9-1*,

Exhibit K at 50] (Petitioner's state district court petition for writ of habeas corpus) *with* [*Doc. 9-2*, Exhibit P at 21-23] (Petitioner's petition for writ of certiorari regarding writ of habeas corpus). While it appears that Petitioner attached a copy of his state district court petition for writ of habeas corpus to his petition for writ of certiorari (*see Doc. 9-2* at 25-40), Petitioner did not set forth the same claims in his petition for writ of certiorari as he set forth in his petition for writ of habeas corpus.   Because those issues were not clearly presented to the highest state court, the Court finds that they have not been exhausted.

## *IV. Procedural Default*

Based on the foregoing, the Court finds that Petitioner has filed a mixed petition with both exhausted claims (1)(a), (b), (c), and (2), and unexhausted claims (1)(d), (3) and (4).   As stated above, when a federal district court is presented with a mixed petition, it "may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits."   *Moore*, 288 F.3d at 1235 (footnote omitted).   In limited circumstances, a federal court may stay a mixed petition and hold it in abeyance pending exhaustion of state court remedies.   *Rhines*, 544 U.S. at 277.   However, stay and abeyance is appropriate only if the petitioner demonstrates good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.   *Id.* at 278.   The Court finds that Petitioner has made no showing that he meets the requirements for a stay of his petition because he has not presented good cause for his failure to exhaust his claims in state court and he has not made a showing that his claims are potentially meritorious.   The Court, therefore, finds that a stay and abeyance is not appropriate in this case.

The Court must therefore decide whether to recommend (1) dismissal of the entire petition without prejudice; (2) permitting Petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (3) denial of the entire petition on the merits notwithstanding Petitioner's failure to exhaust all of his claims.  When a petitioner has failed to fulfill the exhaustion requirement, a court will generally choose the option of dismissing the petition without prejudice to allow the petitioner to exhaust state remedies.  *Demarest*, 130 F.3d at 939 (citations omitted). "However, in considering unexhausted claims, federal courts should consider whether, upon dismissal of the claims, the petitioner would then be able to raise them in the state courts."  *Id.* "[I]f the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review."  *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (citation omitted).  A federal court will not consider defaulted claims unless (1) "the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice" (*Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999) (citation and internal quotation marks omitted)), or (2) if the Court determines that the claims can more easily be resolved on the merits (*see* § 2254(b)(2) (providing that a federal court may deny a habeas petition on the merits, notwithstanding the failure to exhaust state remedies), *see also Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 2000) (declining to address complex procedural bar because case could be more easily and succinctly affirmed on the merits)).

Although Respondents contend that Petitioner's claims have been procedurally defaulted because his petition for writ of certiorari with the New Mexico Supreme Court was untimely (*Doc. 9* at 10-13), the Court finds that Petitioner's unexhausted claims are not necessarily procedurally defaulted because Petitioner may be able to raise the claims in a second state habeas

petition.   There is no statute of limitations in New Mexico that would prevent Petitioner from

bringing his unexhausted claims in another state habeas petition.   *See State v. Sutphin*,

2007-NMSC-045, ¶ 12, 142 N.M. 191, 164 P.3d 72 (2007).   Ordinarily "New Mexico state

courts will not consider any issues raised in a second post-conviction proceeding which could have

been raised in the first proceeding."   *Harris v. Williams*, No. 00-2183, 5 Fed. Appx. 831, 833,

2001 WL 201962 (10th Cir. Feb. 28, 2001) (unpublished) ("[G]rounds omitted in the prior

proceedings are deemed waived.") (quoting *State v. Gillihan*, 86 N.M. 439, 524 P.2d 1335, 1336

(N.M. 1974)).   However, "[t]here is a narrow exception to this . . . waiver rule when the petitioner

asserts 'fundamental error' in his trial."   *Id.* (citing *Gillihan*, 524 P.2d at 1336).   Fundamental

error is defined by the New Mexico Supreme Court to be "such error as goes to the foundation or

basis of a defendant's rights or must go to the foundation of the case or take[s] from the defendant

a right which was essential to his defense."   *Gillihan*, 1974-NMSC-060, ¶ 13 (citation and internal

quotation marks omitted).   Petitioner's unexhausted claims may be found to allege error that

potentially "goes to the foundation of the case or take[s] from the defendant a right which was

essential to his defense."   *Id.*   Thus, New Mexico courts may find that Petitioner's unexhausted

allegations are not precluded from state review under the doctrine of fundamental error.

Importantly, the Court notes that Petitioner has a state habeas corpus petition pending in state

court, which includes Petitioner's unexhausted claims.   *See* [*Doc. 9-2*, Exhibit N, at 4].

Therefore, because there is still a possibility of state review of Petitioner's unexhausted claims, in

the interest of comity, the Court finds that Petitioner's unexhausted claims are not procedurally

defaulted.   *See, e.g., Demarest*, 130 F.3d at 939 (stating that courts should generally choose the

option of allowing petitioner to exhaust state remedies when those claims are not procedurally

barred); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that both the

exhaustion requirement and the doctrine of procedural default are "grounded in principles of comity," and that "in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights"), *Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists "even if it is not likely that the state court will consider petitioner's claim on the merits"), and *Burgin v. Broglin*, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding the availability of state remedies and further exhaustion is required, the better course is to require petitioner to explore the possibility that state remedies exist).

For the foregoing reasons, the Court recommends that Petitioner's petition should be dismissed without prejudice and Petitioner may either amend his petition to delete his unexhausted claims (1)(d), (3) and (4), or exhaust these claims at the state level.   If Petitioner chooses to amend his petition, he should be aware that he risks the dismissal of a subsequent federal habeas petition which again raises the unexhausted claims which he would be abandoning. *See Tapia v. LeMaster*, 172 F.3d 1193, 1195 (10th Cir. 1999) (explaining that a petitioner who opts to have only exhausted claims heard is considered to have abandoned the unexhausted claims, and a subsequent petition containing those claims will be barred as a successive petition if he is unable to meet the requirements for filing another petition).   Alternatively, if Petitioner chooses not to amend his petition, then his petition should be dismissed in its entirety, without prejudice, to allow him to exhaust his previously unexhausted claims in the state courts.   If he chooses this option, Petitioner should bear in mind that the one-year statute of limitation under AEDPA (Antiterrorism and Effective Death Penalty Act of 1996) still applies to all of the grounds in his petition, including those that have been exhausted as well as those that are unexhausted, and thus, he risks losing

forever the opportunity to present for any federal review all of these grounds at a later date as they may all be time barred.   *See Rhines*, 544 U.S. at 275.   Moreover, the one-year limitation period is not tolled by the pendency of this federal habeas proceeding.   *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that federal habeas proceedings do not toll AEDPA's one-year limitation period).   If Petitioner wishes to proceed with the underlying petition solely on his exhausted claims (Claims 1.a, b and c, and   Claim 2), in order to avoid having to re-file the petition, he must file, ***within the 14-day period allotted for the filing of objections to these findings***, an amended petition which includes only his exhausted claims.   If Petitioner does not file an amended petition within the 14-day objection period, his entire petition will be dismissed without prejudice to allow him to pursue his unexhausted claim in state court.

<u>**RECOMMENDED DISPOSITION**</u>

For the foregoing reasons, the undersigned recommends that Petitioner's ***Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*** *(Doc. 1)* be **DISMISSED WITHOUT PREJUDICE** on the grounds that all of the claims raised in the petition have not been exhausted.   The Court has found that Petitioner has exhausted the following claims: (1) that his trial counsel was ineffective for (a) failing to conduct a proper investigation, (b) failing to investigate potential defenses, and (c) failing to submit witness testimony; and (2) that his conviction was obtained in violation of the *Brady* rule and in violation of the 6th Amendment regarding a defendant's right to confront witnesses.   The Court has further found that Petitioner has not exhausted the following claims: (1)(d) that his counsel was ineffective for failing to preserve issues; (3) that his conviction was obtained in violation of the *Brady* rule and in violation of the 14th Amendment regarding procedural due process and chain of custody for evidence; and (4) that the prosecution was allowed to introduce information regarding

a prior felony in violation of the 14th Amendment.  *If Petitioner wishes to proceed with the underlying petition solely on the claims the Court has found to be exhausted, he must file an amended petition for writ of habeas corpus which includes only these exhausted claims within the 14-day period allotted for the filing of objections to these findings.*

**HONORABLE LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**